AUDETTE PAUL MORALES (SBN: 216631)
amorales@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614
Telephone: (949) 255-6967
Facsimile: (949) 474-2060

Attorneys for Plaintiff
GUARANTEED RATE AFFINITY, LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| GUARANTEED RATE AFFINITY, LLC<br><br>Plaintiff,<br><br>vs.<br><br>PRADEEP MADAAN,<br><br>Defendant. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES** |

Plaintiff, GUARANTEED RATE AFFINITY, LLC ("Guaranteed Rate Affinity"), by and through its counsel, and for its Complaint against Defendant PRADEEP MADAAN ("Madaan"), states as follows:

## NATURE OF THIS ACTION

1. This is an action by Guaranteed Rate Affinity against former employee Madaan for breach of contract. Guaranteed Rate Affinity advanced Madaan a total of $100,000.00. Madaan was required to repay this amount in full if he did not remain employed with Guaranteed Rate for at least two years. If Madaan resigned prior to completing two years of continuous employment, Madaan agreed to repay the amount advanced. Madaan's employment ended after less than one year with Guaranteed Rate Affinity. Despite demand, Madaan has refused to repay the amounts owed to Guaranteed Rate Affinity.

-1-
COMPLAINT FOR DAMAGES

## PARTIES

2. Guaranteed Rate Affinity is a Delaware limited liability company with its principal place of business in Chicago, Illinois.

3. On information and belief, Madaan is, and at all times relevant was, an individual who resides in the County of Orange, State of California. Thus, Madaan is, and at all times relevant was, a citizen of the State of California.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.

5. Guaranteed Rate Affinity is, and at all times relevant was, a Delaware limited liability company with its principal place of business in Chicago, Illinois. Guaranteed Rate Affinity has two members: (1) Guaranteed Rate Holdings, LLC, and (2) Anywhere Integrated Venture Partner LLC.

6. Guaranteed Rate Holdings, LLC's sole member is Guaranteed Rate, Inc., a Delaware corporation with its principal place of business in Chicago, Illinois.

7. Anywhere Integrated Venture Partner LLC's sole member is Anywhere Integrated Services LLC. Anywhere Integrated Services LLC's sole member is Anywhere Real Estate Services Group LLC. Anywhere Real Estate Services Group LLC's sole member is Anywhere Real Estate Group LLC. Anywhere Real Estate Group LLC's sole member is Anywhere Immediate Holdings LLC. Anywhere Immediate Holdings LLC's sole member is Anywhere Real Estate Inc., a Delaware Corporation with its principal place of business in Madison, New Jersey.

8. Thus, Guaranteed Rate Affinity is, and at all times relevant was, a citizen of the States of Delaware, Illinois, and New Jersey.

9. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because Madaan, the sole defendant, resides in the Central District of California and

a substantial part of the events and omissions giving rise to this Complaint occurred in the Central District of California.

## FACTS COMMON TO ALL CLAIMS

10. Guaranteed Rate Affinity is in the business of originating, closing, and selling mortgage loans and related products.

11. On or about August 2, 2021, Madaan began his employment with Guaranteed Rate Affinity as an Originating Manager.

12. The parties executed an employment agreement titled the Compensation Plan Schedule for Pradeep Madaan, Origination Manager ("Compensation Plan"), a copy of which is attached as Exhibit A and is fully incorporated herein. Madaan executed the Compensation Plan on July 21, 2021, and Guaranteed Rate Affinity's Treasurer John Elias countersigned on July 27, 2021. (Ex. A at 4, 14.)

13. Pursuant to the terms of the Compensation Plan, Guaranteed Rate Affinity agreed to advance Madaan a Sign On Bonus, as defined in the Compensation Plan, in the amount of $100,000.00 in two installments, subject to certain terms and conditions: (a) $50,000.00 on the August 31, 2021 payroll date; and (b) $50,000.00 on the October 15, 2021 payroll date. (Ex. A at 1, § 2.)

14. Madaan agreed that the Sign On Bonus would constitute an advance of funds that remained subject to repayment unless and until Madaan's completion two years of continuous employment with Guaranteed Rate Affinity from the Effective Date, defined in the Compensation Plan as August 2, 2021. (Ex. A at 2, § 2.)

15. If Madaan resigned his employment prior to the two-year anniversary of the Effective Date, the parties agreed Madaan would be obligated to repay the Sign On Bonus to Guaranteed Rate Affinity within ten (10) days of the last day of his employment. (Ex. A at 2, § 2.)

16. The Compensation Plan also contains a provision allowing Guaranteed Rate Affinity to recover "its reasonable attorneys' fees and costs which relate to or

arise out of any action to enforce, defend and/or prosecute any provision of this [Compensation] Plan." (Ex. A at 12, § X.)

17. On August 22, 2021, Madaan executed a Promissory Note. A copy of the Promissory Note is attached as Exhibit B and is fully incorporated herein.

18. Pursuant to the terms of the Promissory Note, Madaan acknowledged that he "has been advanced the sum of one hundred thousand dollars ($100,000) [defined as the "Principal Amount" in the Promissory Note] before such money was earned and as a cash advance." (Ex. B at 1, § 1.) Madaan acknowledged further that "[t]his unearned cash advance is subject to repayment by Borrower except as specifically set forth below." (*Id.*)

19. The event "set forth below" referenced in the Promissory Note was Madaan's continuous employment with Guaranteed Rate Affinity for a period of two years from the Effective Date of the Promissory Note, defined as August 2, 2021. (Ex. B at 1, § 1.)

20. Pursuant to the terms of the Promissory Note, if Madaan resigned his employment prior to the two-year anniversary of the Effective Date of the Promissory Note, Madaan agreed to repay the Principal Amount to Guaranteed Rate Affinity within ten (10) days of the last day of his employment. (Ex. B at 1, § 1.)

21. In the event Madaan defaulted on the terms of the Promissory Note by failing to repay the Principal Amount to Guaranteed Rate Affinity within ten (10) days as agreed, Madaan acknowledged "interest on the Principal Amount due under this Note shall accrue at a rate of 9% per annum from the date of default, or, if such rate of interest may not be collected under applicable law, then at the maximum rate of interest which may be collected from Borrower under applicable law." (*Id.* at 2, § 7.)

22. Madaan further agreed to reimburse Guaranteed Rate Affinity for "all costs of collection and enforcement, including reasonable attorney's fees and court costs in addition to other amounts due." (*Id.* at 2-3, § 12.)

COMPLAINT FOR DAMAGES

23. On or about August 31, 2021, Guaranteed Rate Affinity paid Madaan the first Sign On Bonus installment of $50,000.

24. On or about October 15, 2021, Guaranteed Rate Affinity paid Madaan the second Sign On Bonus installment of $50,000.

25. On May 1, 2022, Madaan resigned his employment with Guaranteed Rate Affinity.

26. Pursuant to both the Compensation Plan and the Promissory Note, Madaan was required to repay the Sign On Bonus/Principal Amount advanced to him within ten (10) days of his final day of employment with Guaranteed Rate Affinity, a period which ended on May 11, 2022, because Madaan resigned from his position prior to completing two years of continuous employment with Guaranteed Rate Affinity.

27. Following Madaan's resignation, Guaranteed Rate Affinity demanded that Madaan repay the amounts due under the Compensation Plan and the Promissory Note.

28. At the time of the filing of this Demand, Madaan still owed Guaranteed Rate Affinity $100,000.00, exclusive of interest, fees, and costs.

29. To date, Madaan has failed to repay all amounts due and owing Guaranteed Rate Affinity, despite Guaranteed Rate Affinity's demand.

## FIRST CAUSE OF ACTION

(Breach Of Contract - Promissory Note)

30. Guaranteed Rate Affinity restates and re-alleges Paragraphs 1-29 of its Complaint.

31. The Promissory Note is a valid and enforceable contract between Guaranteed Rate Affinity and Madaan.

32. Pursuant to the express terms of the Promissory Note, Madaan was to repay the Principal Amount advanced to him by to Guaranteed Rate Affinity within

ten (10) days if he resigned from his employment with Guaranteed Rate Affinity prior to completing two years of continuous employment.

33. Madaan resigned from his position on May 1, 2022, prior to completing two years of continuous employment, and thereby triggering Madaan's obligation to repay the Principal Amount within ten (10) days thereof.

34. Despite Guaranteed Rate Affinity's demand, as of the date of this filing, Madaan has failed to repay Guaranteed Rate Affinity the Principal Amount.

35. Guaranteed Rate Affinity has performed its obligations under the Promissory Note or is excused from performance under the present circumstances.

36. As of the date of this filing, Madaan has failed to repay Guaranteed Rate Affinity the outstanding balance of the Principal Amount totaling $100,000.00.

37. Guaranteed Rate Affinity has been damaged and continues to be damaged by Madaan's failure to repay the Principal Amount.

## SECOND CAUSE OF ACTION

(Breach Of Contract – Compensation Plan)

38. Guaranteed Rate Affinity restates and re-alleges Paragraphs 1-29 of its Complaint.

39. The Compensation Plan is a valid and enforceable contract between Guaranteed Rate Affinity and Madaan.

40. Pursuant to the express terms of the Compensation Plan, Madaan was to repay the Sign On Bonus to Guaranteed Rate Affinity within ten (10) days of his last day of employment if he resigned from Guaranteed Rate Affinity prior to completing two years of continuous employment.

41. Madaan resigned on May 1, 2022, prior to completing two years of continuous employment and thereby triggering Madaan's obligation to repay the Sign On Bonus within ten (10) days thereof.

42. Despite Guaranteed Rate Affinity's demand, Madaan has failed to repay the Sign On Bonus.

43. Guaranteed Rate Affinity has performed its obligations under the Compensation Plan or is excused from performance under the present circumstances.

44. As of the date of this filing, Madaan has failed to repay Guaranteed Rate Affinity the amount of the Sign On Bonus advanced but not earned by Madaan, totaling $100,000.00.

45. Guaranteed Rate Affinity has been damaged and continues to be damaged by Madaan's failure to repay the Sign On Bonus.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Guaranteed Rate Affinity, LLC prays for judgment against Madaan as follows:

a. For compensatory damages in an amount according to proof, but, in any event, no less than $100,000.00;

b. For interest at a rate of 9% per annum from the date of default per the terms of the Promissory Note;

c. For prejudgment interest pursuant to Cal. Civ. Code § 3287 et seq.;

d. For reasonable attorney's fees and costs related to this action; and

e. For any other and further relief the Court deems just and equitable.

Dated: November 14, 2023

GORDON REES SCULLY MANSUKHANI, LLP

By: /s/ *Audette Paul Morales*
Audette Paul Morales
Attorneys for Plaintiff
GUARANTEED RATE AFFINITY, LLC